IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LITROY BOLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| THE SHERIFF OF COOK COUNTY, ) | |
| individually and in his official capacity; ) | Case No. |
| COOK COUNTY; DR. NNEKA JONES ) | |
| TAPIA, individually and in her official ) | |
| capacity as Executive Director of the Cook ) | |
| County Department of Corrections; ) | |
| Correctional Officers ORTIZ, RAMOS, and ) | |
| UNKNOWN EMPLOYEES OF COOK ) | |
| COUNTY JAIL; Internal Affairs ) | |
| Investigator DIAZ and UNKNOWN ) | |
| EMPLOYEES OF COOK COUNTY; ) | |
| UNKNOWN EMPLOYEES OF THE ) | |
| OFFICE OF PROFESSIONAL REVIEW OF ) | |
| THE COOK COUNTY SHERIFF'S OFFICE ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## COMPLAINT

Plaintiff, LITROY BOLTON, by his attorneys, LOEVY & LOEVY, and complaining of Defendants, THE COOK COUNTY SHERIFF, individually and in his official capacity; COOK COUNTY; DR. NNEKA JONES TAPIA, individually and in her official capacity as Executive Director of the Cook County Department of Corrections (the "Cook County Jail"), Correctional Officer ORTIZ, Correctional Officer RAMOS, and UNKNOWN EMPLOYEES OF COOK COUNTY JAIL, Internal Affairs Investigator DIAZ and UNKNOWN EMPLOYEES OF COOK COUNTY, and UNKNOWN EMPLOYESS OF THE OFFICE OF PROFESSIONAL REVIEW OF THE COOK COUNTY SHERIFF'S OFFICE, states as follows:

## Introduction

1. Plaintiff Litroy Bolton was attacked and beaten without provocation by Defendant Correctional Officer Ortiz while in the custody of Cook County Jail. As captured by video, Officer Ortiz forced Mr. Bolton to the ground, and while Mr. Bolton lay prone and defenseless on his stomach his hands behind his back, Officer Ortiz repeatedly punched Mr. Bolton in the head and face. Even after additional correctional officers intervened to handcuff Mr. Bolton, and despite the fact that Mr. Bolton never once resisted any of the Defendant Officers, the video shows Officer Ortiz partially lifting Mr. Bolton off the ground and repeatedly slamming his head, face, and upper torso into the concrete floor.

2. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) and (c). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

## The Parties

5. Litroy Bolton is a 29 year old resident of Cook County, Illinois.

6. At the time of the events at issue in this case, Mr. Bolton was detained at the Cook County Jail in Chicago, Illinois.

7. The Cook County Jail is operated by Defendant the Cook County Sheriff.

8. At all times relevant to the events at issue in this case, Defendant the Cook County Sheriff was employed by the Cook County Sheriff's Office in the capacity of Sheriff. As such, Defendant the Cook County Sheriff was acting under color of law.

9. At all times relevant to the events at issue in this case, Defendant the Cook County Sheriff promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers with respect to, among other things: (1) detainee intake procedures; (2) transporting detainees between cell blocks and/or to and from cells within the same cell block; (3) communicating or failing to communicate detainee requests to speak to a Sergeant or other member of the Jail's supervisory staff; and (4) the proper use of force. Defendant the Cook County Sheriff's policies were implemented by and through Cook County Jail employees including the individual Defendant Officers.

10. At all times relevant to the events at issue in this case, Defendant the Cook County Sheriff, as Sheriff of Cook County, was the final policymaker for the Cook County Sheriff's Office and the Cook County Jail.

11. At all times relevant to the events at issue in this case, Defendant Dr. Nneka Jones Tapia was employed by the Cook County Sheriff's Office as the Executive Director of the Cook County Jail. As such, Defendant Jones Tapia was acting under color of law.

12. Defendant Cook County is a county of the State of Illinois. It oversees the Cook County Sheriff's Office, which, in turn, operates the Cook County Jail.

13. At all times relevant to the events at issue in this case, Defendants Ortiz, Ramos, and Unknown Employees of Cook County Jail were employed by the Cook County Sheriff's Office and worked at the Cook County Jail as correctional officers. As such, these Defendants were acting under color of law.

## Factual Background

14. While being transported to Division 8 of Cook County Jail by an Unknown Defendant Correctional Officer, Mr. Bolton overheard Defendant Officer Ramos inform Defendant Officer Ortiz that Defendant Ortiz could not place Mr. Bolton into a certain cell because that cell was under quarantine. Defendant Officer Ortiz responded with something to the effect that he planned to place Mr. Bolton in that cell regardless of the cell being under quarantine.

15. Not wanting to get sick, Mr. Bolton informed Defendant Officers Ramos and Ortiz that he did not want to be placed in the quarantined cell. Mr. Bolton made it clear to Defendant Officers Ramos and Ortiz that his only objection to being put in the cell was that it was under quarantine and that he did not want to get sick.

4

16. Angry that Mr. Bolton objected to being placed in a quarantined cell, Defendant Officer Ortiz told Mr. Bolton something to the effect that he would place Mr. Bolton in whatever cell he wanted to.

17. Scared that he would be placed in a quarantined cell, and not wanting to provoke an already angry Officer Ortiz, Mr. Bolton informed Defendant Officers Ramos and Ortiz that he wanted to speak with the Sergeant on duty.

18. At this point, Defendant Officer Ortiz told Mr. Bolton something to the effect that he would not get the Sergeant as requested and that Mr. Bolton would be placed in whatever cell Defendant Officer Ortiz wanted him in.

19. Shortly after this, Defendant Officer Ortiz approached Mr. Bolton, who was calmly standing with his back against the wall, and with his face only inches from Mr. Bolton's, ordered him to get on the ground. Simultaneously with this order, Defendant Officer Ortiz grabbed at Mr. Bolton to force him to the ground, causing a scared Mr. Bolton to fall backwards onto his backside. Once he hit the ground, Mr. Bolton immediately turned over onto his stomach and placed his hands behind his back.

20. Rather than simply handcuffing Mr. Bolton or instructing him to stay on the ground, Defendant Officer Ortiz then attacked Mr. Bolton punching him repeatedly in the head and face area. Indeed, even after additional correctional officers intervened to handcuff Mr. Bolton, Officer Ortiz continued to assault him, partially lifting him off the ground and repeatedly slamming his head, face, and upper torso into the concrete floor.

21. As a result of this attack, Mr. Bolton suffered serious injuries to his head, face, neck, chest, and arms, including, but not limited to, multiple abrasions and lacerations on his face and head. During the attack, Mr. Bolton was also fearful for his life. Mr. Bolton's injuries required treatment at Cermak Hospital.

22. The assault by Officer Ortiz was witnessed by multiple Defendant Officers. Despite the fact that Mr. Bolton was not resisting in any way, and despite the fact that he was clearly being injured by Defendant Officer Ortiz, at no time during this attack did any of the Defendant Officers intervene to prevent Defendant Officer Ortiz from unjustifiably assaulting and injuring Mr. Bolton.

23. On information and belief, the Sergeant on duty at the time of this assault deliberately and intentionally falsified his report of the incident, indicating that Mr. Bolton had injured himself falling to the ground, and making no mention of the assault described above.

24. At no time after completing this report did any correctional officer or other member of the Jail staff, including Defendants, intervene to prevent the filing of this false report or to correct it. Nor did any correctional officer of other member of the Jail staff, including Defendants, report that the Sergeant on duty had filed a false incident report.

25. Shortly after being assaulted by Officer Ortiz, Mr. Bolton filed a grievance related to the assault at Cook County Jail.

26. A number of months later, an officer and/or officers from the Cook County Sheriff's Office, Office of Professional Review (the "OPR") visited Mr. Bolton

6

at his home.  At that time, Mr. Bolton was asked to sign-off on a "Detainee/Complainant Notification" form.  After signing the form, Mr. Bolton was instructed by this officer and/or officers that his complaint would be investigated and that he should take no other steps regarding his complaint until he heard back from the OPR.  Mr. Bolton dutifully followed these instructions.

27.     Some time thereafter, two investigators from Internal Affairs and/or the Inspector General of the Cook County Sheriff's Office visited Mr. Bolton at his home.  At that time, Mr. Bolton was asked to fill out and sign a Complaint Register, including a description of the alleged assault.  Mr. Bolton completed and signed this form, also answering any questions that the investigators had for him.  The investigators informed Mr. Bolton that they had reviewed a video of the alleged assault and that Mr. Bolton's description of the assault matched what they had seen in the video.  They also told Mr. Bolton that they were investigating his complaint and that he should take no further steps regarding his complaint until he heard back from the investigators or from Internal Affairs.  at that time that his complaint was being investigated and that investigators would contact him shortly for additional details about the assault.  Mr. Bolton dutifully followed these instructions.

28.     A number of months later, Mr. Bolton was contacted by these same investigators and was asked to come to the offices of Internal Affairs in order to identify his alleged assaulter through a photographic lineup.  Mr. Bolton complied with this request and identified his assaulter as Defendant Ortiz.  At that time, Mr.

7

Bolton was informed that he had successfully identified the corrections officer who had assaulted him. Mr. Bolton was also informed that on the basis of Internal Affairs' own review of the Cook County Jail video of his assault, and on his successful identification of his assaulter, the arrest of Defendant Ortiz was imminent. On information and belief, Defendant Ortiz was never arrested and/or charged for his assault on Mr. Bolton.

### Count I – 42 U.S.C. § 1983
### Excessive Force

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. As described more fully above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

31. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

32. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

33. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Cook County Sheriff's Office in that:

   a) as a matter of both policy and practice the Cook County Sheriff's Office directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train,

8

supervise, and control its corrections officers, such that its failure to do so manifests deliberate indifference;

b) as a matter of both policy and practice, the Cook County Sheriff's Office facilitates the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby leading Cook County Jail corrections officers to believe that their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c) generally, as a matter of widespread practice so prevalent as to comprise Jail policy, corrections officers of the Cook County Jail abuse detainees in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Sheriff's Office and/or the Jail make findings of wrongdoing in a disproportionately small number of cases;

d) County policy-makers, including Defendant the Cook County Sheriff, are aware of, condone, and facilitate by their inaction, a "code of silence" in the Cook County Jail. Corrections officers routinely fail to report instances of officer misconduct and lie to protect each other from punishment, thereby going without discipline for their unconstitutional actions; and

e) the Sheriff's Office has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of

injuries alleged herein. Alternatively, Defendants were deliberately indifferent to Robert Awalt's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of others.

34. As a result of the unjustified and excessive use of force described above, and of the County's policy and practice, Plaintiff has suffered injury, including emotional distress.

## Count II – 42 U.S.C. § 1983
## Conspiracy

35. Each paragraph of this Complaint is incorporated as if restated fully herein.

36. Defendants reached an agreement among themselves to deprive Plaintiff of his constitutional rights and to protect one another from liability for depriving Plaintiff of his rights, all as described in the various paragraphs of this Complaint.

37. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated and he suffered injuries, including emotional distress.

40. Plaintiff's injuries were caused by employees of the Cook County Sheriff's Department and the Cook County, including, but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the Cook County Sheriff, as described above.

### Count III – 42 U.S.C. § 1983
### Failure to Intervene

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

42. As described more fully above, one or more Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights as set forth above had they been so inclined, but failed to do so.

43. Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

44. As a direct and proximate result of the misconduct described in this Count, Plaintiff's rights were violated and he suffered injuries, including but not limited to emotional distress and death.

45. Plaintiff's injuries were caused by employees of the Cook County Sheriff's Department and the Cook County, including, but not limited to the individually named Defendants, who acted pursuant to the policies and practices of the Cook County Sheriff, as described above.

## Count IV – State Law Claim:
## Intentional Infliction of Emotional Distress

46. Each paragraph of this Complaint is incorporated as if restated fully herein.

47. In the manner described more fully above, by assaulting Plaintiff, and by failing to intervene to prevent this assault, the Defendants engaged in extreme and outrageous conduct.

48. Defendants' actions set forth above were rooted in an abuse of power or authority.

49. Defendants' actions set forth above were undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

50. Defendants' actions set forth above were undertaken with malice, willfulness, and reckless indifference to the rights of others.

51. The misconduct described in this Count was undertaken by Defendants within the scope of their employment such that their employer, the County Sheriff's Department, is liable for their actions.

52. As a direct and proximate result of this misconduct, Plaintiff suffered injuries, including severe emotional distress.

## Count V – State Law Claim:
## Assault and Battery

53. Each paragraph of this Complaint is incorporated as if restated fully herein.

54. In the manner described more fully above, one or more of the Defendants made offensive physical contact with Plaintiff without his consent.

55. Defendants' committed these acts intentionally, willfully, and wantonly.

56. The misconduct described in this Count was undertaken with intentional disregard of Plaintiff's rights.

57. As a direct and proximate result of this misconduct, undertaken pursuant to the Cook County Sheriff's Department's policy and practice, Plaintiff sustained bodily and other injuries, including, but not limited to, a reasonable apprehension of great bodily harm.

### Count VI – State Law Claim:
### Negligent or Willful and Wanton Conduct

58. Each paragraph of this Complaint is incorporated as if restated fully herein.

59. In the manner described more fully above, the actions of Defendants breached the duty of care owed to detainees in their care. They did so by assaulting Plaintiff and/or failing to intervene to prevent this assault.

60. Alternatively, the actions of Defendants were willful and wanton in that they demonstrated an utter indifference to the safety of others. Defendants were conscious that an injury would probably result from the above-described course of action and recklessly disregarded the consequences of those actions.

61. As a direct and proximate result of Defendants' negligence and/or willful and wanton conduct, Robert Awalt suffered injuries, including emotional distress.

### Count VII – State Law Claim:
### Respondeat Superior—Sheriff of Cook County

62. Each paragraph of this Complaint is incorporated as if restated fully herein.

63. In committing the acts alleged in the preceding paragraphs, Defendant Officers were employees, members, and agents of the Cook County Sheriff's Office acting at all relevant times within the scope of his or her employment.

64. The Sheriff is liable as principal for all torts committed by his agents.

### Count VIII – State Law Claim:
### Indemnification

65. Each paragraph of this Complaint is incorporated as if restated fully herein.

66. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

67. Defendant Officers are or were employees of the Cook County Sheriff's Department, who acted within the scope of their employment in committing the misconduct described above.

68. Cook County is obligated to pay any judgment entered against the Sheriff in an official capacity.

WHEREFORE, Plaintiff, LITROY BOLTON, respectfully requests that this Court enter a judgment in his favor and against Defendants, THE COOK COUNTY SHERIFF, individually and in his official capacity; COOK COUNTY; DR. NNEKA JONES TAPIA, individually and in her official capacity as Executive director of the Cook County Department of Corrections, and Correctional Officers ORTIZ, RAMOS, and UNKNOWN EMPLOYEES OF COOK COUNTY JAIL , Internal Affairs Investigator DIAZ and UNKNOWN EMPLOYEES OF COOK COUNTY, and UNKNOWN EMPLOYESS OF THE OFFICE OF PROFESSIONAL REVIEW OF THE COOK COUNTY SHERIFF'S OFFICE, awarding compensatory damages, including medical and cremation expenses, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff, LITROY BOLTON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Vince Field
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Cindy Tsai
Vince Field
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900