UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOLTON, LITROY | ) | |
| | ) | |
| | ) | 16cv5012 |
| Plaintiff, | ) | |
| | ) | Honorable |
| vs. | ) | Ronald A. Guzman |
| | ) | |
| THE SHERIFF OF COOK COUNTY, ET AL | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANT MIGUEL ORTIZ'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Defendant, MIGUEL ORTIZ, by and through his attorney, Special Assistant State's Attorney John C. Coyne, and hereby moves this Honorable Court for an Order dismissing the entirety of the claims asserted within Plaintiff's Amended Complaint against this Defendant, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Defendant Ortiz states as follows:

**BACKGROUND**

Plaintiff's Amended Complaint was filed on July 15th, 2016, which followed Plaintiff's original Complaint filed on May 5th, 2016. (Docket, 25, 1). The underlying alleged misconduct involved a physical assault on Plaintiff by Defendant Ortiz, while Plaintiff was a detainee in the Cook County Jail ("Jail"). (Amended Complaint, Paragraph 1). Numerous other defendants were alleged to have, *inter alia*, failed to intervene and engaged in a "code of silence", conspiracy, and/or falsified incident reports generated as a result of Defendant Ortiz's alleged attack on Plaintiff. (*Id.*, Paragraphs 24, including subparagraphs a) through j), 25). Absent from

Plaintiff's Amended Complaint is the date on which Defendant Ortiz allegedly attacked Plaintiff. While there are dates alleging specific acts and/or omissions by various Defendants throughout the Amended Complaint, no date, nor a date range, is provided to identify the alleged conduct of Defendant Ortiz in alleging physically attacking Plaintiff.

Plaintiff's Amended Complaint contains Eight Counts, which do not identify, with the exception of Count VII ("Respondeat Superior – Sheriff of Cook County"), which defendants they are asserted against. Count VIII (State Law Claim: Indemnification) by implication is asserted against Defendant Cook County only insofar as Cook County is the indemnitor, generally, for judgments awarded against the Defendants. Counts I ("Excessive Force"), II ("Conspiracy"), and III ("Failure to Intervene") are section 1983 constitutional claims. Counts IV ("Intentional Infliction of Emotional Distress"), V ("Assault & Battery"), and VI ("Negligent or Willful and Wanton Conduct") are based upon Illinois state law.

## STATEMENT OF FACTS

The following summary of salient facts is provided in order to establish the factual context of the within motion, insofar as these facts are alleged in Plaintiff's Amended Complaint, and not because they are accepted as true in any way by Defendant Ortiz. Plaintiff was a detainee in the Jail when he was being transported by employees of the Cook County Sheriff's Department to Division 8 of the Jail. (Amended Complaint, Paragraph 15). During said transport, Plaintiff objected to being placed in a cell that was reportedly under "quarantine" (*Id.* Paragraphs 15, 16). As a result of a disagreement that resulted from Plaintiff's concerns, Defendant Ortiz physically attacked Plaintiff. (*Id.,* Paragraphs 17, 20, 21).

After completing his attack on Plaintiff, Defendant Ortiz and/or other officers falsified incident reports, and/or conspired to misrepresent the facts as to what occurred. (*Id.,* Paragraphs 24, including subparagraphs a) through j), 25). In addition, Plaintiff was informed by employees of the Cook County Sheriff's Department that Defendant Ortiz was being investigated and would be arrested, and that Plaintiff' himself should not take any action on his own as to his physical attack. (*Id.,* Paragraphs 28, 29) As a result of the Defendants' alleged conduct, Plaintiff suffered bodily injuries and constitutional deprivations. (*Id.,* Paragraphs 22, 31).

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While a plaintiff is not required to make "detailed factual allegations," there must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

In assessing a Motion to Dismiss a complaint, the court is to take the well-pleaded factual allegations as true and draw all reasonable inferences from them in the light most favorable to the non-moving party, i.e. the plaintiff. *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997). It is clear that "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth," *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011). A court is also not required to "strain to find inferences favorable to plaintiffs" or accept unreasonable inferences. *Caldwell v. City of Elwood, Ind.,* 959 F.2d 670, 673 (7th Cir. 1992). Although asserting the applicable statute of limitations is typically done so as an affirmative defense within an answer to a complaint, if the complaint shows on its face that it is time-barred,

dismissal is appropriate. *Cancer Foundation Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, (7th Cir. 2009).

## LAW & ARGUMENT

The date on which Defendant Ortiz allegedly assaulted Plaintiff is not identified in Plaintiff's Amended Complaint, neither is the date of the alleged assault identified in Plaintiff's original Complaint.  However, the dates of, and specific conduct on the part of Defendant Ortiz, and other Defendants, which both occurred after, and a result of, the alleged attack are identified within Plaintiff's Amended Complaint, *inter alia,* as follows: "On January 17, 2014 Defendant Officer Ortiz falsified a Cook County Sheriff's Office Response to Resistance/Use of Force Form....by indicating that he struck (Plaintiff) only because......"; (Amended Complaint, Paragraph 24(a)).  Additional date-specific conduct on the part of other defendants is alleged throughout the subparagraphs of paragraph 24 of the Amended Complaint, most of which occurred on January 17, 2014. *Id.* By logical inference, therefore, Defendant Ortiz's alleged attack on Plaintiff occurred on, *or before,* January 17, 2014.  In addition, statements made within the Motion to Dismiss filed on behalf of Co-Defendants, Sheriff of Cook County, *et al,* identify the actual date of the alleged attack of Defendant Ortiz on Plaintiff as January 17, 2014 insofar as "Plaintiff's counsel confirmed the date was January 17, 2014".  (Co-Defendants, Sheriff, *et al,* Motion to Dismiss Plaintiff's Amended Complaint, pg. 5, (Docket 41).

Defendant Ortiz was a Cook County Corrections Officer at all relevant times, as alleged in Plaintiff's Amended Complaint. (Amended Complaint, Paragraph 1).  Civil claims against Defendant Ortiz are thus governed by the Illinois Tort Immunity Act. *Gomez v. Riccio*, 2004 U.S. Dist. LEXIS (N.D. Ill. July 9, 2004).  Pursuant to the Illinois Tort Immunity Act, any civil action (with

exceptions which do not apply in this case) against a governmental employee, i.e. Defendant Ortiz, must be commenced "within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). A cause of action accrues when the plaintiff knows or reasonably should know of an injury, and also knows or reasonably should know that the injury was caused by the wrongful acts of another. *Steinmetz v. Wolgamot*, 2013 IL App (1st) 121375 ¶ 30 (2013), *citing Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 171 (1981).

Corrections Officers, such as Defendant Ortiz, are deemed "public employees" with respect to the Illinois Tort Immunity Act. *Jefferson v. Sheahan*, 279 Ill.App 3d 74 (1st Dist. 1996). Both Plaintiff's alleged attack and injuries, and thus the date of accrual for his civil claims against Defendant Ortiz, indisputably occurred on January 17, 2014. Because Counts IV ("Intentional Infliction of Emotional Distress"), V ("Assault & Battery"), and VI ("Negligent or Willful and Wanton Conduct") are based upon Illinois state law, they are subject to a one year statute of limitation for the reasons set forth above. Since the accrual date of these claims was January 17, 2014, they needed to be filed no later than January 17, 2015. Since they were not filed by that date they are time-barred and Defendant Ortiz is entitled to dismissal, with prejudice, of Counts IV, V and VI of Plaintiff's Amended Complaint.

In Illinois, section 1983 claims must be brought within two years of the date of accrual. *Dixon v. Chrans*, 986 F.2d 201 (7th Cir. 1983). As set forth above, the accrual date for Plaintiff's claims was January 17, 2014. Plaintiff's original Complaint was filed on May 5, 2016 and his Amended Complaint was filed on July 15, 2016 (Docket 1, 25). Because Plaintiff's Complaint, and Amended Complaint were filed beyond January of 2016, all of his section 1983 claims asserted against Defendant Ortiz are time-barred. Accordingly, Defendant Ortiz is entitled to

dismissal, with prejudice, of Counts I, II, and III of Plaintiff's Amended Complaint. Count VII ("Respondeat Superior") is not asserted against Defendant Ortiz. Count VIII ("Indemnification") does not expressly identify which Defendant it is asserted against (though by implication, it is asserted against Defendant Cook County only). To the extent that Count VIII might, or could, be in any way asserted against Defendant Ortiz, he moves for dismissal, with prejudice, of that Count based upon the arguments set forth above with respect to the state law Counts of Plaintiff's Amended Complaint. In addition, Defendant Ortiz adopts by reference, the law and argument contained with the Motion to Dismiss filed by Co-Defendants Sheriff of Cook County, *et al.,* as to Count VIII of Plaintiff's Amended Complaint.

WHEREFORE, Defendant Miguel Ortiz, by and through his undersigned counsel, hereby moves that all of the claims asserted against him within Plaintiff's Amended Complaint be dismissed, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and that he be extended such additional relief as this Court deems necessary and just.

RESPECTFULLY SUBMITTED,

/s/ John C. Coyne
*Attorney for Defendant, Miguel Ortiz*

John C. Coyne
Law Offices of John C. Coyne
53 West Jackson Blvd.
Suite 1750
(312) 583-9500
jcc@johnccoynelaw.com