UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LITROY BOLTON, | ) | 16cv5012 |
| | ) | |
| Plaintiff, | ) | Honorable |
| vs. | ) | Ronald A. Guzman |
| | ) | |
| THE SHERIFF OF COOK COUNTY, ET AL | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANT MIGUEL ORTIZ'S RULE 56.1(a)(3) STATEMET OF MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Defendant, Miguel Ortiz, by and through undersigned counsel, and pursuant to Local Rule 56.1(a)(3), hereby submits the following Statement of Material Facts in Support of his motion for summary judgment.

**PARTIES**

1. Plaintiff, Litroy Bolton, is a resident of Cook County, IL. On or about January 17, 2014, he was an inmate in the Cook County jail. Exh. 5, Plaintiff's Amended Complaint, par. 5, 6.

2. Defendant Miguel Ortiz ("Defendant Ortiz") is a Cook County Corrections Officer who was working in Tier 2-A of the Cook County Jail on January 17, 2014. Exh. 4: Dep Trans. Rodrigo Ramos, 28: 9; 38: 19-22.

3. Remaining defendants include the Sheriff of Cook County, Cook County, and numerous individual employees of Cook County who worked at the Cook County Jail or as county investigators on January 17, 2014, including: Dr. Nneka Jones Tapia; Sgt. James Ciukaj; Rodrigo Ramos; Cody Lettiere; Christopher Ivory; Juan F. Diaz; and Esther Montanez. Exh. 5, Plaintiff's Amended Complaint, par. 1, 11, 13.

**JURISDICTION**

4. Plaintiff's Amended Complaint is brought pursuant to 42 U.S.C. Sec. 1983 and Illinois State law, and jurisdiction is asserted pursuant to 28 U.S.C. sec. 1331 and 1367. Venue is asserted as proper pursuant to 28 U.S.C. sec. 1391(b) and (c). Exh. 5 Plaintiff's Amended Complaint, par 3, 4.

**INCIDENT AT COOK COUNTY JAIL ON JANUARY 17, 2014**

5. On January 17, 2014, Plaintiff was being transported to a cell in the Cook County jail by Corrections Officer Christopher Ivory. Exh. 4, Dep. Trans. Rodrigo Ramos. 29: 10. Corrections Officer Rodrigo Ramos was assisting with the task of placing Plaintiff in his new cell. Exh. 4, Dep. Trans. Rodrigo Ramos, 31: 13-15. Defendant Ortiz was also present. Exh. 4, Dep. Trans. Rodrigo Ramos, 40: 3-4.

6. The cell Plaintiff was being transported to was initially described by Corrections Officer Ramos as being under "quarantine" and this allegedly caused Plaintiff not to want to be placed into the cell. Plaintiff thus "refused" to go into the cell. Exh. 1: Plaintiff's Cook County Complaint Register, narrative section.

7. Corrections Officer ("CO") Ramos then made a phone call, and confirmed Plaintiff was in fact able to enter the cell. Exh. 4: Dep Trans. Rodrigo Ramos, 32: 2-4. After announcing to Plaintiff and Defendant Ortiz that Plaintiff was able to enter the cell, Plaintiff still refused to enter the cell. Defendant Ortiz was also present when Plaintiff refused to enter his assigned cell. Exh. 4: Dep Trans. Rodrigo Ramos, 32: 6-9.

8. Defendant Ortiz then informed Plaintiff that Plaintiff was not permitted to "refuse housing." Exh. 4, Dep Trans. Rodrigo Ramos, 41: 9-11. Plaintiff nonetheless refused to enter the cell he was assigned to. Exh. 4: Dep Trans. Rodrigo Ramos, 45: 1-3.

9. After persisting in his refusal to enter his assigned cell, Defendant Ortiz attempted to secure Plaintiff and Plaintiff threw himself on the floor. Exh. 4, Dep. Trans Rodrigo Ramos, 45: 6-11. At that time, CO Ivory went to secure Plaintiff's legs and CO Ramos assisted in securing Plaintiff. Exh. 4, Dep. Trans Rodrigo Ramos, 45: 6-11.

10. Defendant Ortiz, Ramos and Ivory were forced to struggle with Plaintiff in order to handcuff him. Exh. 4, Dep. Trans Rodrigo Ramos, 45: 18-20. Defendant Ortiz struck the Plaintiff during the process of securing him. Exh. 4, Dep. Trans Rodrigo Ramos, Pg. 47, 15-20.

11. Plaintiff reportedly suffered "a couple of knots in the back" of his head, "a swollen eye, and a swollen face" as a result of the incident. Exh. 2, Plaintiff Dep. Trans., 35: 8-9.

12. Plaintiff never had a conversation with Defendant Ortiz after the incident. Exh. 2, Plaintiff Dep, Trans., 52: 17.

13. Plaintiff does not believe that anyone employed by the Cook County Sheriff's Department took any steps to prevent him from filing his lawsuit at any time. Exh. 2, Plaintiff Dep. Trans, 61:1.

14. Plaintiff first decided he wanted to file a civil lawsuit as a result of the incident in January of 2016, i.e. two years after the incident. Exh. 2, Plaintiff Dep. Trans., 76: 20.

15. Plaintiff's initial complaint was filed on May 5, 2016, Dckt. 1, and his amended complaint was filed July 15, 2016, Dckt. 25.

16. Sgt James Ciukaj has been employed as a Cook County Correctional Sergeant since August of 2011. Exh. 3, Dep. Trans of Sgt. Ciukaj, 6: 2-4. He was called to the scene of the incident after the physical altercation between Defendant Ortiz and Plaintiff. *Id.* 33: 7-17.

17. Sgt. James Ciukaj is not aware of any efforts taken by anyone employed by the Cook County Sheriff's Department to cause Plaintiff to delay filing his lawsuit. *Id.* 98: 16-20.

18. CO Ramos is not aware of any effort made by anyone to cause Mr. Bolton to delay filing his civil lawsuit. Exh. 4, Dep. Trans. Rodrigo Ramos, 81: 22.

                    RESPECTFULLY SUBMITTED,

                    <u>/s/ John C. Coyne         </u>
                    Attorney for Defendant, Miguel Ortiz

John C. Coyne
Law Offices of John C. Coyne
53 West Jackson Blvd.
Suite 1750
(312) 583-9500
jcc@johnccoynelaw.com